**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

LONNIE GLEN HODGES,     )
                                )
              Plaintiff,     )
                                )
v.                            )      Case No. CIV-12-336-JHP-KEW
                                )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social     )
Security Administration,     )
                                )
              Defendant.     )

**REPORT AND RECOMMENDATION**

Plaintiff Lonnie Glen Hodges (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1]    Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on December 20, 1977 and was 33 years old at the time of the ALJ's decision. Claimant completed his education through the tenth grade and did not obtain a GED. Claimant has worked in the past as a sanitation and truck worker and concrete finisher. Claimant alleges an inability to work beginning September 1, 2006 due to limitations resulting from diabetes mellitus type II, multiple comminuted femur fractures with rod

placement, depression, and anxiety.

## Procedural History

On January 25, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On April 27, 2011, an administrative hearing was held before ALJ Michael Kirkpatrick in Poteau, Oklahoma. On May 4, 2011, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on June 13, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a range of medium work with limitations.

## Error Alleged for Review

Claimant asserts the Appeals Council erred in (1) improperly evaluating Claimant's credibility; and (2) failing to include all of Claimant's impairments in his RFC determination.

**Credibility Assessment**

In his decision, the ALJ determined Claimant suffered from the severe impairments of status post remote bilateral lower extremity fractures, diabetes, mood and anxiety disorders, and a history of head injury with possible organic brain syndrome. (Tr. 13). He also found Claimant retained the RFC to perform a wide range of unskilled, medium work except that due to psychologically based factors he had some limitations, but he could perform simple, routine unskilled tasks (but not detailed or complex tasks) but was unable to relate to the general public. (Tr. 14). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative occupations of production helper, cleaner/sweeper, and packer. (Tr. 22).

Claimant contends that the ALJ improperly evaluated his credibility, in particular as to his reported pain. Claimant testified concerning the limitations his diabetes had imposed upon his life. (Tr. 35-36). He stated that the titanium rods in his femurs that extend from his hips to his knees as a result of an automobile accident hurt constantly. (Tr. 41). The pain causes

Claimant to sleep in a recliner with his feet elevated. His pain interrupts his sleep. If he stands for more than 30 minutes his knees will swell. His hips also start hurting bad. To relieve the pain, Claimant takes aspirin or Aleve and puts ice packs on his knees and a heating pad on his hips. (Tr. 42-43). The pain occurs every day. (Tr. 43). He was forced to stop seeing his treating physician because of his finances. (Tr. 39). Claimant spends between 75 and 80 percent of his day laying down due to the pain in his thighs, hips, and knees or because he is trying to get his diabetes under control. (Tr. 43). Claimant is not able to exercise due to pain. (Tr. 44).

The medical evidence indicates Claimant was involved in an automobile accident in 1998 which fractured both of his femurs. Rods were placed in both legs. (Tr. 290-91). On May 9, 2003, Claimant reported swelling in his right knee and was treated by Dr. Marvin Mumme. Dr. Mumme noted only experienced swelling and loss of motion in his right knee secondary to swelling. He experienced no problem with his right thigh or left lower extremity. Dr. Mumme found no instability in the knee. (Tr. 466-67).

On June 25, 2007, Claimant was evaluated by Dr. Jimmie W. Taylor. He found Claimant to have bilateral scars on his hips and extremities from his previous surgery. He noted decreased range of

6

motion in Claimant's hips bilaterally. Claimant had a safe, stable gait with his heel, toe and tandem walk 5/5 and 3/5. Tandem walk was within normal limits. No assistive device was used. (Tr. 317). Dr. Taylor concluded Claimant had degenerative joint disease in his hips, insulin dependent diabetes mellitus, burn on the left leg, pressure sore on his left heel, light gait disturbance (unable to do good heel walk), sweats a lot, and chest pain of unknown etiology. (Tr. 318). Claimant's hip extension was at 20 degrees out of 30 bilaterally, hip abduction was at 25 degrees out of 40, hip internal rotation was at 30 degrees out of 40, and hip external rotation was found to be at 40 degrees out of 50. (Tr. 319).

On July 10, 2007, Claimant's records were evaluated by Dr. Kenneth Wainner. Dr. Wainner completed a Physical RFC Assessment on Claimant which concluded Claimant could occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, stand and/or walk for about 6 hours in an 8 hour workday, sit for about 6 hours in an 8 hour workday, and engage in unlimited pushing and pulling. Dr. Wainner noted that Claimant's activities of daily living included meal prep, personal care, no chores or driving, shops, walks 50 feet, unknown lift. Dr. Wainner found Claimant healed rapidly without problems after his surgery on his legs in December of 1998. He also noted Claimant's poorly controlled diabetes. Claimant had

7

no medical examination report since 2003 and no history of complaint of leg or other pain. His orthopedist had scheduled a rod removal in mid 1999 but Claimant did not follow up. (Tr. 325). Dr. Wainner provided his RFC based upon Claimant's activities of daily living, benign signs and symptoms, and lack of complaint or attention in recent years, x-ray reports and report of surgery. (Tr. 326). He also concluded that the "[s]everity of symptoms appears exaggerated and disproprtionate (sic) to objective medical evidence and medical history. Credibility is lowered." (Tr. 329).

On March 6, 2010, Claimant underwent a consultative examination by Dr. Traci L. Carney. Dr. Carney noted Claimant had a weak toe walk secondary to pain in his leg. No cyanosis or digital clubbing was noted. No edema or varicosities were noted. Peripheral pulses were adequate in all four extremities. Claimant's knees showed no effusion or edema and were stable in all range of motion exercises. Great toe strength was equal bilaterally. Tandem gait was within normal limits. Leg lengths, including calf and thigh circumferences were equal bilaterally. Pain was elicited in all range of motion testing of the lumbar spine with associated paraspinal muscle spasms as well as tenderness. Cervical pain was elicited in all range of motion. The thoracic spine was non-tender with full range of motion.

8

Straight leg raising reflex was negative bilaterally in both sitting and supine positions. Claimant's gait was safe and stable with appropriate speed. No assistive devices were used to ambulate. Dr. Carney diagnosed Claimant with bilateral leg and hip pain, probable from degeneration, diabetes mellitus type I, tobacco abuse, and history of anxiety and depression. (Tr. 435).

On March 31, 2010, a Mental RFC Assessment was completed on Claimant by Dr. Tom Shadid. Dr. Shadid found Claimant to be markedly limited in the areas of the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public. (Tr. 459-60).

In his decision, the ALJ determined Claimant was not credible as his statements were not substantiated by the objective medical evidence. (Tr. 15). The ALJ noted Claimant's leg fractures were healed according to Dr. Mumme. (Tr. 19). He also noted Dr. Carney's report that Claimant had full range of motion and had a safe gait without assistive devices. (Tr. 17). With regard to his diabetes, the condition was generally controlled during the relevant period. (Tr. 17). The ALJ found Claimant had sought little medical care and did not seek pain relief for his legs. (Tr. 18). The ALJ also considered Claimant's activities –

especially incidents of high activity when he injured himself.  On

August 20, 2005, Claimant was injured when he was jumping off of a

bluff.  On July 8, 2006, he was injured while working on a vehicle.

On February 16, 2010, Claimant was injured when he pushed a

friend's truck out of a ditch in the snow.  (Tr. 19).  The ALJ also

noted Claimant returned to heavy work after he alleged he became

disabled.  (Tr. 20, 45).

It is well-established that "findings as to credibility should

be closely and affirmatively linked to substantial evidence and not

just a conclusion in the guise of findings."  Kepler v. Chater, 68

F.3d 387, 391 (10th Cir. 1995).  "Credibility determinations are

peculiarly in the province of the finder of fact" and, as such,

will not be disturbed when supported by substantial evidence.  Id.

Factors to be considered in assessing a claimant's credibility

include (1) the individual's daily activities; (2) the location,

duration, frequency, and intensity of the individual's pain or

other symptoms; (3) factors that precipitate and aggravate the

symptoms; (4) the type, dosage, effectiveness, and side effects of

any medication the individual takes or has taken to alleviate pain

or other symptoms; (5) treatment, other than medication, the

individual receives or has received for relief of pain or other

symptoms; (6) any measures other than treatment the individual uses

or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. It must be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). This Court finds no error in the ALJ's credibility findings. The ALJ's analysis of the medical evidence and the inconsistencies with Claimant's testimony concerning disabling pain and limitations is well-supported and will not be disturbed by this Court.

## RFC Assessment

Claimant contends the ALJ failed to include all of his limitations in the RFC determination. He cites to the need to take breaks throughout the day to monitor his glucose levels, the need to eat and rest after administering insulin, the need to stay in a reclined position to alleviate hip and leg pain, the need to rest due to the lack of appreciable sleep caused by pain, and the need to frequently urinate due to his diabetes. Given the supported findings on credibility as well as the lack of support in the medical record for the extent of limitation which Claimant would

have this Court find, the ALJ's RFC determination is supported by substantial medical evidence.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 12th day of September, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE